**FILED**
**Lucinda B. Rauback, Clerk**
**United States Bankruptcy Court**
**Augusta, Georgia**
*By jpayton at 5:00 pm, Feb 19, 2014*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | |
|---|---|
| IN RE: ) | Chapter 11 Case |
| GREGORY GLOVER D/B/A QSR EQUITY, ) | Number <u>13-12445</u> |
| LLC ) | |
| ) | |
| Debtor ) | |
| _____ ) | |

## OPINION AND ORDER

Before the Court is an expedited Motion for Relief from Stay filed by R.C. Capital, LLC ("R.C. Capital") seeking relief from stay to continue its eviction proceeding against the sublessee. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G) and the Court has jurisdiction under 28 U.S.C. §1334. For the reasons set forth on the record at the hearing held January 23, 2014 and herein, R.C. Capital's motion for relief is granted.

## FINDINGS OF FACT

"QSR Equity Company" entered into a sublease with R.C. Capital, LLC on November 20, 2012 for the premises known as 407 Fury's Ferry Road, Augusta, GA ("the Property") to operate a restaurant. Hr'g Jan. 23, 2014, Ex. 1. The sublease incorporated the terms of the lease between Southeast US Retail Fund L.P. and R.C. Capital dated March 10, 2005. Hr'g Jan. 23. 2014, Ex. 1. The lease provides:

> Lessor and Lessee hereby agree that upon the occurrence of a Default and the expiration of any notice and cure period, Lessor at its option may at once, or at any time thereafter, terminate this Agreement by written notice to Lessee and shall have all other remedies provided for herein or under applicable law. After any subletting of the Demised Premises permitted pursuant to the terms of Paragraph 12 below or which Lessor has otherwise consented to, Lessor agrees to give notice of any of the foregoing defaults to such sublessee and such Defaults shall not affect this Agreement if and for so long as the sublessee makes payment of rent herein reserved directly to Lessor when due and otherwise complies with the terms of this Agreement as if it were Lessee hereunder. Lessor or its attorney may give any notice provided in this Paragraph.

Hr'g Jan. 23, 2014, Ex. 1, lease, p. 4 ¶4(b).  As to notices, the

sublease states:

> Notices.  Any notice or other communication to any party required or permitted to be given under this Sublease must be in writing and shall be effectively given if hand delivered or if sent by United States mail, postage paid, certified or registered, return receipt requested, or if sent by electronic mail to the following address:
>
> .
> .
> .
> If to Sublessee- QSR EQUITY, LLC[1]
> D/B/A St. Louis Original Hamburgers
> 111 E. Marion Street, Suite 115

---

[1]  Although the Sublease lists "QSR Equity Company" as the sublessee, the notice provision of the sublease Agreement lists "QSR Equity, LLC" as the sublessee.  Hr'g Jan. 23, 2014, Ex. 1, Sublease ¶17.

2

N. Augusta, SC 29841
Attention: Gregory Glover
Email: gregory@stlouisbrgs.com

Any notice mailed shall be deemed to have given
on the second (2nd) business day following the
date of deposit of such item in a depository of
the United States Postal Service. Notice
effected by hand delivery or electronic mail
shall be deemed to have been given at the time
of actual delivery. Any party shall have the
right to change its address to which notices
shall thereafter be sent by giving the other
parties notice thereof.

Hr'g Jan. 23, 2014, Ex. 1, Sublease, ¶17(emphasis added). Gregory
Glover ("Glover"), the principal of QSR Equity, LLC, testified the
actual sublessee is "QSR Equity, LLC", not "QSR Equity Company".

At the hearing, R.C. Capital tendered into evidence the
default and termination letter dated October 29, 2013 ("October 29,
2013 letter") addressed to the sublessee at the Marion Street
address and the email address provided in the sublease. The letter
states in pertinent part:

Please accept this letter as Sublessor's notice
of default and termination of the Sublease. In
order to cure the default and avoid legal
action, Sublessee must pay to R.C. Capital, LLC
the outstanding balance due of $40,716.91
within 10 days of the date of this letter.
Failure to pay the balance as specified herein
will result in the filing of an eviction
lawsuit at which time, Sublessor will seek the
payment of attorney fees and costs pursuant to
O.C.G.A. §13-1-11 in addition to the sums
specified above.

3

Hr'g Jan. 23, 2014, Ex. 1, Letter, dated Oct. 29, 2013 (emphasis added).   At the hearing, R.C. Capital also tendered into evidence a second letter dated November 11, 2013, which states:

> Having failed to pay the outstanding balance due of $40,716.91 within 10 days of the date of the demand letter by Sublessor, you are hereby demanded to vacate the premises immediately. Sublessor will commence the filing of an eviction lawsuit at which time it will seek the payment of attorneys fees and costs pursuant to O.C.G.A. §13-1-11 in addition to the sums specified above.

Hr'g Jan. 23, 2014, Ex. 1, Letter, dated November 11, 2013.   This letter was also mailed to the sublessee at the Marion Street address and the email address.   Glover disputed ever receiving these notices and stated he had changed the notice address for mail to the Property address of 407 Fury's Ferry Road.   However, there was no indication of when he provided that notice or whether the notification was done properly in accordance with the terms of the sublease.

R.C. Capital's counsel testified to the difficulties in serving the sublessee.   R.C. Capital's counsel gave sworn testimony that he mailed the letters and the dispossessory affidavit to the 407 Fury's Ferry Road, Martinez, Georgia address as well as the Marion Street and email addresses.   R.C. Capital submitted into evidence a certified mail envelope addressed to "Gregory Glover

4

d/b/a St. Louis Hamburgers, 407 Fury's Ferry Road, Martinez, GA 30907", stamped as "undeliverable as addressed unable to forward." Hr'g Jan. 23, 2014, Ex. 1.  The contents of the envelope include: the summons; complaint; sublease; ground lease; the October termination letter; the November letter demanding vacation of premises; and a rent schedule.  Id.  R.C. Capital's counsel also testified to the marshal's and the private process server's unsuccessful efforts to serve Glover.

Glover's testimony regarding service and other matters is confusing.  He testified he had never received any of the pre-petition letters from R.C. Capital declaring default, terminating the sublease or dispossessing the sublessee.  However, he also testified that the marshal came to the Property at 407 Fury's Ferry Road and left a notice because he was not there.  Thereafter, Glover testified he went to the marshal's office and picked up the papers.

Glover also admitted he hired legal counsel to represent the sublessee in the dispossessory hearing.  The sublessee filed an answer and Glover personally appeared at the hearing after the attorney withdrew prior to the dispossessory hearing.  R.C. Capital's counsel testified the sublessee never raised improper service as a defense in the state court proceeding.

Thereafter, Glover filed a pro se chapter 11 bankruptcy

5

✎AO 72A
(Rev. 8/82)

petition on December 31, 2013 at 8:30 a.m. Dckt. No. 1. On the same day, R.C. Capital obtained a Writ of Possession which was filed at 3:25 p.m. Hr'g held Jan. 23, 2014, Ex. 2. The bankruptcy schedules list R.C. Capital as a secured creditor with a claim in the amount of $52,568.78 and monthly rent in the amount of $5,925.94. Dckt. No. 1, Sch. D. The only other creditors listed in the bankruptcy schedules are: the Georgia Department of Revenue with a $2,600.00 claim; Georgia Power with a $2,079.52 claim; Comcast with a $782.53 claim; and Columbia County Water with a $591.62 claim. Dckt. No. 1, Schs. E and F. All of the claims are listed as contingent claims. Id. Schedules I and J list Glover's occupation as a restaurant owner with net monthly income of $2,543.73. Dckt. No. 1, Schs. I and J.

When Glover was asked how the sublessee could pay the monthly rent under the sublease of more than $5,000.00, Glover stated that he did not list QSR Equity, LLC's income in the bankruptcy schedules because this was his individual bankruptcy case, not QSR Equity, LLC's bankruptcy case. Consistent with this statement, the bankruptcy petition lists this as Glover's individual bankruptcy case. Dckt. No. 1, p. 1. Notwithstanding the foregoing, the bankruptcy schedules list the debts of QSR Equity, LLC, but not the income. In addition, the pro se bankruptcy petition lists

6

"Glover, Gregory dba QSR Equity, LLC" as the debtor.  Dckt. No. 1.

Glover acknowledges the sublessee has not paid any rent, pre- or post-petition under the lease.  He cites this Court's order allowing the bankruptcy filing fee to be paid in installments as the justification for not paying post-petition rent.  This order was entered in connection with the debtor's application to pay the bankruptcy filing fee in installments and provides in pertinent part:

> IT IS ORDERED that the debtor(s) may pay the filing fee in installments on the terms proposed in the foregoing application.
>
> **IT IS FURTHER ORDERED that until the filing fee is paid in full the debtor shall not pay any money for services in connection with this case, and the debtor shall not relinquish any property as payment for services in connection with this case.**
>
> IT IS FURTHER ORDERED that upon failure to pay the final installment within 120 days after the filing of the petition, the court may dismiss this case without further notice.

Dckt. Nos. 6 and 9 (emphasis added).

Glover also argues the debtor was never served with this Court's notice of hearing or the motion for relief.  He claims he only discovered the notice and motion when he visited the Clerk's Office on January 16, 2014.  Notwithstanding the foregoing, R.C. Capital's certificate of service and amended certificate of service

7

dated January 7, 2014 reflect service of the motion for relief and the motion for expedited hearing upon Glover at: 407 Fury's Ferry Road, Martinez, Georgia, the mailing address given for the debtor on the bankruptcy petition; and 307 Vallhalla Court, Martinez, Georgia, Glover's current address listed in paragraph 15 of the debtor's statement of financial affairs. Dckt. No. 1, petition, p. 1, SOFA, ¶15; Dckt Nos. 21 and 22, Certificates of Service. As for the notice of hearing, R.C. Capital's certificate of service shows this notice was served on January 9, 2014 at: 407 Fury's Ferry Road, Martinez, Georgia, the mailing address given for the debtor on the bankruptcy petition. Dckt. No. 24. The hearing was held 14 days thereafter on January 23, 2014.

R.C. Capital contends relief from the stay is not even necessary but it seeks such relief out of an abundance of caution. R.C. Capital also argues the sublease was terminated pre-petition and therefore, it is entitled to relief from the stay to pursue its state law eviction proceeding. Conversely, Glover argues relief is inappropriate and requests a continuance arguing the debtor did not receive fourteen (14) days prior notice before the Court's setting of the hearing.

## CONCLUSIONS OF LAW

R.C. Capital argues relief from the §362 stay is not

8

necessary and it is sought only out of an abundance of caution. Furthermore, R.C. Capital also argues to the extent relief from the §362 stay is necessary, "cause" exists pursuant to 11 U.S.C. §362(d)(1) to grant such relief.   For the foregoing reasons, I agree.

The threshold issue to address is whether the sublease is property of the bankruptcy estate.   Once a bankruptcy petition is filed 11 U.S.C. §362(a) enjoins a creditor from continuing any judicial proceeding against the debtor that was commenced before the bankruptcy case was filed.   11 U.S.C. §362(a)(1).   Section 362(a)(3) also prevents a creditor from taking any action to obtain possession of "property of estate" as defined in 11 U.S.C. §541(a), which includes "all legal and equitable interests of the debtor in property as of the commencement of the case."   See 11 U.S.C. §362 and §541(a).   The issue is whether this leasehold interest is a legal or equitable interest of the debtor in this bankruptcy case.

Glover's testimony at the hearing was, at best confusing. He testified that the bankruptcy schedules do not include QSR Equity, LLC's income because Glover intended this to be his "individual bankruptcy case," not QSR Equity, LLC's bankruptcy.   The pro se bankruptcy petition identifies the type of debtor as an "individual," as opposed to a corporation or other business form,

9

such as a limited liability company. Dckt. No. 1, petition. Glover testified further that the sublessee is "QSR Equity, LLC," which is a limited liability company. This is a pro se bankruptcy petition, and the petition names the debtor as "Glover, Gregory dba QSR Equity, LLC". Glover and QSR Equity, LLC are two separate and distinct legal entities.[2] One petition cannot be filed for two legally separate and distinct entities. Given the petition and Glover's testimony, this is Glover's individual bankruptcy case. No separate bankruptcy petition has been filed by QSR Equity, LLC and no separate filing fee has been paid. Thus, QSR Equity, LLC is not protected by the §362 automatic stay. There is no co-debtor stay in a chapter 11 case and therefore, the sublease is not part of Glover's individual bankruptcy case. <u>Advanced Ribbons and Office Prods., Inc. v. U.S. Interstate Distrib., Inc.</u>, 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991)(unlike a Chapter 13 case, there is no co-debtor stay in a Chapter 11 case); <u>In re Goulding Place Dev., Inc.</u>, 99 B.R. 493 (Bankr. N.D. Ga. 1989)(same). For these reasons, the

---

[2] Glover is not an attorney and cannot represent QSR Equity, LLC in these bankruptcy proceedings. QSR Equity, LLC must obtain legal counsel to represent its interest in the bankruptcy case. <u>Palazzo v. Gulf Oil Corp.</u>, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel.")

10

sublease is not part of Glover's bankruptcy estate and therefore not protected by the §362 automatic stay and R.C. Capital is free to pursue its state law dispossessory proceedings.

Notwithstanding the foregoing, and given the pro se nature of these pleadings and confusing nature of Glover's testimony, even if the sublease is part of the bankruptcy estate, I find "cause" exists to lift the stay. 11 U.S.C. §362(d)(1). Section §362(j) of the Bankruptcy Code provides that upon request, "the court shall issue an order under subsection (c) [of §362] confirming that the automatic stay has been terminated." 11 U.S.C. §362(j). Section 362(c)(1) provides that the stay continues as to property "until such property is no longer property of the estate." 11 U.S.C. §362(c)(1). R.C. Capital filed this motion out of an abundance of caution and a "comfort order" pursuant to 11 U.S.C. §362(j) is appropriate under the facts and circumstances of this case. See In re Waltower, 2012 WL 4758043 *2 (Bankr. S.D. Ga. Sept. 7, 2012)(entering order pursuant to section 362(j) confirming the stay was terminated as to certain real property that was no longer property of the estate); In re Wade, 501 B.R. 870 (Bankr. D. Kan. 2013)(issuing order confirming the stay was terminated as to leased property).

R.C. Capital argues the sublease was terminated pre-

11

petition and therefore, it should be allowed to continue with its eviction proceeding. Conversely, Glover argues relief should not be granted because the motion for relief was heard on an expedited basis and requests a continuance because the motion and notice of hearing were not served 14 days prior to the hearing.

"Due process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'" and does not require actual notice. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272 (2010) citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Based upon the testimony of R.C. Capital's counsel and the certificates of service filed by counsel, I find with regards to the Motion for Relief and the Motion for Expedited Hearing, on January 7, 2014, R.C. Capital "served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing and via U.S. Mail." Dckt. Nos. 21 and 22. Counsel served its motions on the debtor at the two addresses listed in the debtor's bankruptcy schedules, namely: 407 Fury's Ferry Road, Martinez, Georgia and 307 Vallhalla Court, Martinez, Georgia. Dckt. Nos. 21 and 22.; Dckt. No. 1. The 407 Fury's Ferry Road, Martinez, Georgia address is the mailing

12

address provided for the debtor on the bankruptcy petition.  Dckt. No. 1, p. 1.  Furthermore, I find with regards to the Notice of Hearing, on January 9, 2014, R.C. Capital also "served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing and via U.S. Mail."  Dckt. No. 24.  The notice of hearing was served upon Debtor at the 407 Fury's Ferry Road, Martinez, Georgia address, which is the address Glover says is the correct address for the debtor and is the address listed for the debtor on the bankruptcy petition.  Dckt. No. 1, p. 1; Dckt. No. 24.  The hearing was held January 23, 2014.  Therefore, notwithstanding Glover's arguments, the motions were duly served 16 days before the date set for the hearing and 14 days notice of the date of the hearing was given.  Furthermore, neither 11 U.S.C. §362(f) nor Bankruptcy Rule 4001 set forth a time for notice of a motion for relief from stay.[3]  Indeed, in certain circumstances, motions for relief from stay may be heard with or without notice to prevent irreparable harm.  See Fed. R. Bankr. P. 4001(a).

Furthermore, R.C. Capital's counsel testified about the sublessee and Glover's avoidance of numerous service attempts.

---

[3] Glover cites Bankruptcy Rule 4001(c) in his motion regarding the 14 days notice.  Bankruptcy Rule 4001(c) pertains to motions to obtain credit, not motions for relief from stay.

13

Bankruptcy Rule 7004 allows service by mail in bankruptcy proceedings. See Fed. R. Bankr. P. 7004. Pursuant to Rule 7004, service is complete upon deposit in the U.S. mail with proper postage affixed thereto. In re Coggin, 30 F.3d 1443, 1450, n. 8 (11th Cir. 1994) abrogated on other grounds Kontrick v. Ryan, 540 U.S. 443 (2004). Given these facts, I find Debtor was provided service as contemplated by the bankruptcy rules and due process requirements have been satisfied, therefore, Glover's request for a continuance is denied.

Next, the Court must determine if the sublease was terminated pre-petition. If the sublease was terminated pre-petition "cause" exists to lift the stay. See 11 U.S.C. §362(d)(1); 11 U.S.C. §365(c)(3)(a non-residential real property lease that has been terminated pre-petition is not assumable); In re Mimi's of Atlanta, Inc., 5 B.R. 623, 629 (Bankr. N.D. Ga. 1980)(when a lease is terminated pre-petition, there is no executory interest available for a debtor in possession to assume and therefore, sufficient cause exists to lift the stay); see In re 163rd St. Med. Corp., 67 B.R. 499 (S.D. Fla. 1986)(lease terminated pre-petition is not assumable and therefore stay relief appropriate). State law determines whether a lease has been properly terminated pre-petition. Butner v. United States, 440 U.S. 48, 55 (1979)(a debtor's interest in

14

property is determined under state law); In re Clubhouse Inv., Inc., 451 B.R. at 631.  Georgia law governs the sublease.  Hr'g Jan. 23, 2014, Ex. 1, Sublease, ¶16.  While forfeiture is not favored, if there is an express provision in the lease, termination is permitted.  Id. citing Woody's Steaks, LLC v. Pastoria, 584 S.E.2d 41, 45 (Ga. Ct. App. 2003)("Forfeiture of a lease by acts of a party to a lease because of a breach of a covenant or condition [is] not favored, but where there is an express provision in the contract, termination or forfeiture of the lease will be permitted.").  To succeed with a forfeiture, the landlord must strictly comply with the notice provision set forth in the lease.  Id.

In this case, the record reflects the landlord duly terminated the sublease pre-petition.  The non-payment of rent is an event of default under the sublease.  Hr'g Jan. 23, 2014, Ex. 1, lease, p. 3 ¶4(a).  Upon default and the expiration of any notice and cure period, the lessor may terminate the lease by written notice to lessee.  Hr'g Jan. 23, 2014, Ex. 1, Lease, ¶4(b).  According to the sublease, notices of default and termination were duly sent to the sublessee at the addresses set forth in the commercial sublease (111 E. Marion Street, Suite 115, N. Augusta 29841, Attn: Gregory Glover and email:gregory@stlouisbrgs.com).  Hr'g Jan. 23, 2014, Ex. 1, Sublease, ¶17.  Glover testified that the

15

sublessee did not receive notice, and that he changed the mailing address from Marion Street to 407 Fury's Ferry Road.   There is no evidence of when he notified R.C. Capital of the change or if the change notice was properly given under the sublease.   Glover also does not dispute the validity of the email address.   In addition, the complaint and attachments, including the termination letter also were mailed to the sublessee at the 407 Fury's Ferry Road address on December 5, 2013.   Under the sublease, notice is effective the "second (2nd) business day following the date of deposit of such item in a depository of the United States Postal Service.   Notice effected by hand delivery or electronic mail shall be deemed to have been given at the time of actual delivery."   Hr'g Jan. 23, 2014, Ex. 1, Sublease, ¶17.   Where the sublease provides that notice is effective the "second (2nd) business day following the date of deposit of such item in a depository of the United States Postal Service", no evidence is needed to prove actual receipt.   See Queen Ins. Co. of Am. v. Nalley Disc. Co., 114 S.E.2d 21 (Ga. 1960); Genone v. Citizens Ins. Co., 60 S.E.2d 125 (Ga. 1950); St. Paul & Marine Ins. Co. v. C.I.T. Corp., for Use of Houston, 189 S.E. 390 (Ga. Ct. App. 1936).   The notice was also sent to the email address provided in the sublease.   See S.E.C. v. Global Online Direct, Inc., 2007 WL 4258231 (N.D. Ga. Nov. 29, 2007)(email notice to investors

16

satisfied due process concerns when sent to the proper email address); <u>Ready Mix USA, Inc, v. Ross</u>, 726 S.E.2d 90, 92-93 (Ga. Ct. App. 2012)(finding notice by email proper when sent to correct address).

R.C. Capital's counsel also testified to R.C. Capital's difficulties in personally serving the sublessee and Glover's evasion of service. Specifically, counsel testified to mailing various correspondence to the address in the sublease where notices were to be sent and to the subleased premises (407 Fury's Ferry Road) and to the email address provided in the sublease for notice purposes. R.C. Capital's counsel also testified to attempting to serve the sublessee by the marshal and a private process server. Counsel provided the envelope addressed to Glover at the Property address at 407 Fury's Fury Road sent certified mail but returned as undeliverable. This is the same address Glover provided to this Court for notices, and the address Glover testified that he notified R.C. Capital to send notices to under the sublease.

Glover's testimony as to service is confusing and contradictory. He testified he has never seen many of these documents, but he acknowledges picking the documents up from the marshal's office. Glover also hired counsel in the state court proceeding and filed an answer and did not raise service and Glover

17

appeared at the hearing in the dispossessory action, yet he now denies having ever seen these letters.   After considering the testimony and observing the demeanor of the witnesses, I do not find Glover's testimony credible as to service.   Furthermore, I find R.C. Capital properly notified the sublessee of termination of the sublease as required under the terms of the sublease.

Finally, Glover candidly admits no rent has been paid under the sublease either pre- or post-petition.   He disputes the amount of rent owed yet in his schedules he lists the monthly rent as $5,925.94 and an amount owed as $52,568.78. Dckt. No. 1, Sch. D. Glover avers in a subsequent affidavit the rent is $5,500.00. Dckt. No. 27.   The Court need not reach the issue of the amount of rent owed as Glover acknowledges no rent has ever been paid under the sublease.   Motions for relief hearings are summary proceedings and do not involve a full adjudication on the merits or claims, but rather the Court simply determines whether the movant has a colorable claim to the property of the bankruptcy estate.   In re Ohuche, 2013 WL 937571 *3 (Bankr. N.D. Ga. Feb. 5, 2013)("a relief from stay hearing is 'merely a summary proceeding of limited effect . . . [A]ccordingly, this is not a determination of the validity of those claims, but merely a grant of permission from the court allowing that creditor to litigate its substantive claims elsewhere

18

without violating the automatic stay.'"). To the extent R.C. Capital asserts a claim in the bankruptcy case for rent, the actual amount owed will be addressed at the claim allowance stage, not at this point in the proceedings.

Glover further claims post-petition rent has not been paid because of the Court's order permitting Glover to pay the filing fee in installments. I find this argument disingenuous. The order forbids Glover from paying "any money for services in connection with this case, and the debtor shall not relinquish any property as payment for services in connection with this case." Dckt. No. 9. This order was entered in response to Glover's motion to pay the bankruptcy filing fee in installments and merely prevents an individual debtor from paying money or relinquishing property of the bankruptcy estate for professional services in connection with this bankruptcy case prior to paying the filing fee. Rent is not "a service in connection with this case." See Fed. R. Bankr. P. 1006(b)(3)(requiring filing fee to be paid in full prior to payments to anyone who renders professional services to the debtor in connection with the bankruptcy case).[4]

---

[4] Under existing law, in certain circumstances, individuals are allowed to pay the bankruptcy filing fee in installments. 28 U.S.C. §1930; Fed. R. Bankr. P. 1006(b). The order cited by Glover deals with allowing individual debtors to pay the bankruptcy filing fee in installments. The order is not available for artificial entities such as corporations or limited liability companies who are required to pay the filing fee in full at the petition date. Jove Eng'g. Inc., v. Internal Revenue Service, 92 F.3d 1539, 1552-53 (11th Cir. 1996)(stating the term "individual" is limited to natural persons and does not include corporations or other artificial entities); see also In re Harris, 2008 WL 458730 *2 (Bankr. D.D.C. Feb. 15, 2008)("A debtor's inability to pay the chapter 11 filing fee

I also find Glover's arguments as to the nature of the chapter 11 case disingenuous. Debtor has filed an individual chapter 11 bankruptcy case. By listing the "d/b/a" Glover attempts to obtain the benefits of the bankruptcy code's automatic stay for both Glover and QSR Equity, LLC without recognizing the legal distinction between Glover and QSR Equity, LLC. The bankruptcy schedules clearly list the debt owed to R.C. Capital. Dckt. No. 1, Schs. D and G. When asked how he expected to pay the rent when his monthly income was insufficient to cover the amount of rent, Glover stated this is an individual case and therefore the income of QSR Equity, LLC is not included. Mr. Glover cannot have it both ways. QSR Equity, LLC is a separate legal entity and cannot be in the same bankruptcy case with an individual debtor by the mere filing of the petition as a "dba".

For the foregoing reasons, pursuant to 11 U.S.C. §362(d)(1) and (j), R.C. Capital's Motion for Relief from Stay is ORDERED GRANTED; and clarifying that notwithstanding what was set forth on the record at the January 23, 2014 hearing, the request for a waiver of the provisions of Bankruptcy Rule 4001(a)(3) is HEREBY ORDERED GRANTED. The Clerk is directed to issue a Notice to Show

---

immediately does not augur well for the debtor's prospects for successfully prosecuting a chapter 11 case to a confirmed plan, but §1930(a) bars the court's utilizing those dim prospects as a basis for denying an application to pay the filing fee in installments.").

AO 72A
(Rev. 8/82)

Cause why the QSR Equity, LLC should not be dismissed from this bankruptcy case as it is a separate legal entity from Gregory Glover.

_Susan D. Barrett_

SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this ___19th___ day of February, 2014.

21